NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ROBERT L. HAYES, | : | |
| | : | Civil No. 13-0605 (PGS) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **OPINION** |
| NICHOLAS SEWITCH, | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

Robert L. Hayes, *Pro Se*
111763
Middlesex County Adult Correctional Center
PO Box 266
New Brunswick, NJ 08903

**SHERIDAN, District Judge**

Plaintiff, Robert L. Hayes, incarcerated at the Middlesex County Adult Correctional Center, New Brunswick, New Jersey seeks to bring this action *in forma pauperis* ("IFP"). Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed IFP pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

1

The Court must now review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that Plaintiff's Complaint must be dismissed.

## BACKGROUND

Plaintiff seeks to sue defendant Nicholas Sewitch, the lead prosecutor in his criminal case, in this action.  He accuses defendant Sewitch of authorizing an illegal search and seizure of his clothing on April 8, 2010.  Plaintiff asks for monetary relief, and for the matter to be settled.

## DISCUSSION

### 1. Standards for a *Sua Sponte* Dismissal

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Iqbal*, *supra*).

The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. *See Iqbal*, 556 U.S. 677-679. *See also Twombly*, 505 U.S. at 555, & n.3; *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011); *Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2012). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)).

**2. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation

4

was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

3.  **Prosecutorial Immunity**

    Plaintiff sues only defendant Sewitch, a prosecutor. In *Imbler v. Pachtman,* 424 U.S. 409 (1976), the Supreme Court held that a prosecutor is absolutely immune from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process," *id.* at 430-31, including use of false testimony and suppression of evidence favorable to the defense by a police fingerprint expert and investigating officer. Since *Imbler,* the Supreme Court has held that "absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant application." *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (citations omitted). The Court of Appeals for the Third Circuit recently confirmed prosecutorial immunity in § 1983 actions in *LeBlanc v. Stedman*, 483 Fed. App'x 666 (3d Cir. 2012).

    In this Complaint, the defendant Sewitch is absolutely immune from claims for malicious prosecution. *See Rehberg v. Paulk,* --- U.S. ----, ----, 132 S.Ct. 1497, 1504, 182 L.Ed.2d 593 (2012); *Imbler,* 424 U.S. at 430-31. As the misconduct alleged in the Complaint against

the prosecutor consists of acts taken in his role as advocate for the state, the § 1983 damages claims against him will be dismissed on the ground of absolute immunity.

Further, Plaintiff's complaint was signed on January 24, 2013. The illegal search and seizure took place on April 8, 2010, according to the Complaint.  Plaintiff's claims are barred by the two-year limitations period, as any claim of an unlawful search accrued at the time of the search: here, April 8, 2010.  *See MacNamara v. Hess*, 67 Fed. Appx. 139, 143 (3d Cir. 2003) (not precedential) ("Accordingly any Fourth-Amendment-based claim accrued on the same day as the allegedly unlawful search and seizure."). "Any federal Section 1983 claim based on the Fourth Amendment, must be brought within the statute of limitations, irrespective of pending or concluded state criminal proceedings."  *Rodwell v. Weaver*, 2012 WL 4955249 at *5 (D.N.J. Oct. 10, 2012)(citing *Wallace v. Kato*, 549 U.S. 384, 393-397 (2007)).  Thus, Plaintiff's Complaint, filed more than two years after the alleged incident, is untimely.

## CONCLUSION

For the reasons stated above, Plaintiff's Complaint must be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) and § 1915A(b)(1) and (2), for failure to state a claim upon which relief may be granted and for seeking relief from an immune defendant.  The dismissal is without prejudice to Plaintiff filing a motion to reopen

and an Amended Complaint to name proper defendants and to demonstrate the timeliness of his claims.

An appropriate Order follows.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

Dated: January 22, 2013

7